**Tejinder CHANNA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–3501–ag.**

United States Court of Appeals, Second Circuit.

Oct. 26, 2006.

Parker Waggaman, Law Offices of Parker Waggaman, P.C., New York, NY, for Petitioner.

Maxwell Wood, United States Attorney, Sharon T. Ratley, Assistant United States Attorney, Macon, GA, for Respondent.

Present: JOHN M. WALKER, JR., SONIA SOTOMAYOR and BARRINGTON D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Tejinder Channa, a native and citizen of India, seeks review of a June 1, 2005 order of the BIA denying his motion to reopen the BIA's October 2, 2002 affirmance of the March 23, 2001 decision of Immigration Judge ("IJ") Adam Opaciuch denying petitioner's claims for relief. *In re Tejinder Channa*, No. A 75 980 374 (B.I.A. June 1, 2005).

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34.

■ The BIA did not abuse its discretion in finding Channa's motion to reopen untimely. Channa fails to point to any material difference between the address to which the BIA sent its October 2002 decision and the address of his attorney in the April 2001 EOIR–27 form. The BIA therefore complied with its service obligation when it sent the October 2002 deci-

sion to Channa's attorney of record. *See* 8 C.F.R. § 1292.

 The BIA also did not abuse its discretion in finding that Channa did not establish "changed circumstances" in India within the exception allowing for motions to reopen. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(1). Channa acknowledges in his brief that his motion to reopen did not include objective evidence concerning country conditions. Although the affidavit that Channa submitted with his motion stated that the "Congress party is back in power" and that the "Blue Star operation at Golden Temple, Amritsar, Punjab took place under the rule of this party," he fails to offer an explanation of when this change occurred or how it is material to his claim of "changed circumstances" in India. *See* 8 C.F.R. § 1003.2(c)(1) (a motion to reopen shall not be granted unless it appears that the evidence offered "is material and was not available and could not have been discovered or presented" at the previous hearing). Although Channa states that the most "innocent explanation" for the lack of objective evidence is that his former attorney believed that the BIA's failure to put him on notice of the October 2002 decision was a sufficient reason for the BIA to reconsider the case, he does not offer a sufficient explanation for why he failed to submit objective evidence in support of his motion. As a result, the BIA did not abuse its discretion and provided a rational explanation for its denial of the motion to reopen.

For the foregoing reasons, the petition for review is DENIED.